UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Thomas Freer-Heeter

        **PLAINTIFF,**

vs.                              **CASE NO.:**

**City of Jacksonville, a Florida municipality d/b/a Jacksonville Housing Authority, a Quasi-Independent Agency of the City of Jacksonville.**

        **Defendants**
_____/

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, THOMAS FREER-HEETER by and through his undersigned counsel, sues Defendant, **the City of Jacksonville, a Municipality within the State of Florida** ("COJ" or "Defendant"); **d/b/a the Jacksonville Housing Authority, a Quasi-Independent Agency of the City of Jacksonville**[1] ("JHA" or "Defendant") and states:

### GENERAL ALLEGATIONS

1.     This is an action for damages brought against the Defendant pursuant The Florida Fair Housing Act—specifically, Sections 760.23(1), 760.23(2), 760.23(8) and (9)(b), Florida Statutes and the Federal Fair Housing Act ("FHA")—Specifically, 42 U.S.C Sections 3601-3603, 3604, 3613 and 3615. This Court has original, concurrent, and subject matter jurisdiction pursuant to article III, section 1 of the U.S. Constitution, 28

---

[1] The Mayor created the Jacksonville Housing Authority in September of 1994 to fill the need for a more effective and community service oriented public housing agency. Prior to the establishment of the Jacksonville Housing, Public Housing and Housing Choice Voucher (HCV) were operated by the City of Jacksonville, Department of Housing and Urban Development (City HUD). The Board of Directors consists of seven members who are appointed by the Mayor, and eleven Advisory members. These 18 members, generally, have a strong record of success in private sector process.

U.S.C. sections 1331, 1332 and 1343 and Florida Constitution.

2.     Plaintiff, THOMAS FREER- HEETER (hereinafter "Plaintiff" or "HEETER") was a resident of Duval County, Florida and the conduct complained of herein occurred in Duval County.

3.     At all times material, Defendant COJ, a municipality entity in the State of Florida whose place of business was 214 North Hogan Street, Suite 800, Jacksonville Florida, 32202 and was authorized to do business in the State of Florida and is/was doing business in the State of Florida or was a foreign business authorized and doing business in the State of Florida.  At all relevant times, Jacksonville Housing Authority ("JHA"), an agent of COJ, was operated, managed and controlled either directly or indirectly by COJ, who was and is responsible for the actions of JHA's employees, representatives and agents.

4.     At all material times, Defendant JHA operated as an agency subdivision of defendant COJ, with JHA's place of business being 1300 Broad Street, Jacksonville Florida, 32202.  JHA was/is authorized to do business in the State of Florida.  JHA, under authority of COJ, and administered the Federal Housing Choice Voucher Program, commonly known as "Section 8", as authorized by U.S. Congress pursuant to 42 U.S.C 1437.  From approximately 1994 and continuing to the present, JHA has managed the details of the Section 8 Voucher program, including but not limited to, issuing Section 8 Vouchers for rental assistance to eligible participants, who either currently live or wish to live in Duval County.  Participant eligibility is based on objective federal guidelines, with further administrative details provided through the

JHA's Administrative Plan. At all relevant times, the Section 8 federal program details were administered, managed and controlled by the Defendant JHA, by through, and under the actions of its employees, representatives or agents.

5.     HEETER has complied with all conditions precedent for the filing of this lawsuit, including filing the appropriate charge of discrimination with HUD and/or the FCHR.

## FACTUAL ALLEGATIONS

6. From April 1, 2022, to March 31, 2023, HEETER enjoyed the benefit of a Section 8 voucher through JHA's Section 8 assistance and resided in an apartment rental unit at 4901 Sunbeam Road, Apartment 204, Jacksonville, FL 32257 (the "Sunbeam Apartment"). JHA issued the voucher and provided unqualified rental assistance during the 1 year lease term. As part of the approval process for the Section 8 Voucher of April 1, 2022, HEETER had (in early 2022) requested a Reasonable Accommodation from JHA for electronic communication, which was substantially honored until April 1, 2023, when the Section 8 voucher renewed.

7. From April 1, 2022, to March 31, 2023, HEETER developed spinal conditions requiring multiple surgeries, and accordingly needed to find a landlord willing to provide anticipated "reasonable accommodations", such as an exterior ramp for access, and a low step shower for bathing. Accordingly, HEETER vacated the Sunbeam Apartment on or about March 31, 2023, in order to find a suitable rental accommodations.

8. On or about April 1, 2023, JHA issued a new/replacement Housing Choice "Section

8" Voucher to HEETER, based upon an objective review of his living and financial situation at that time; however, due difficulties in finding a suitable affordable unit to meet HEETER's disability needs, JHA extended the Section 8 voucher two (2) subsequent times up to July 24, 2023, after HEETER made written reasonable accommodation requests, which JHA then required to be hand delivered to the JHA offices. While searching for a suitable residence from April 1, 2023, to July 24, 2023, HEETER, stayed in a recreational vehicle ("RV") at various locations within Duval County.

9. HEETER is documented as being disabled, having both physical impairments and neuro psychological impairments in that he has significant frontal motor control deficits and limitations which substantially limits or impairs a major and fundamental life activity, to wit: preventing him from grasping, holding, opening materials, and writing without adaptive technology, to name a few activity limitations, as well as, he has difficulty climbing stairs, and stepping into a bathtub.

10. At all times material to this action, HEETER was and is a resident of DUVAL County, Florida, and since October 15, 2023, HEETER has resided at 1225 East 13th Street, Jacksonville FL 32206, (hereafter the "Springfield Residence").

11. In order to receive and enjoy the full terms, conditions, privileges, or services and use of his Section 8 voucher, Plaintiff HEETER, on or about July 19, 2023, requested reasonable accommodations in person at the JHA offices.

12. HEETER, from July 24, 2023, through Aug 25, 2023, followed up with the earlier in person request in writing multiple times, and HEETER also presented letters from his

physician (which are private confidential medical records which will be provided during discovery) requesting a reasonable accommodation: **1.** that Defendant AFFIRM the previously honored reasonable accommodation request to communicate with Plaintiff using electronic communications, such as email [2]. These modalities allowed Plaintiff to adaptive technology in order to enjoy all the benefits of his housing. (which are private confidential medical which will be provided during discovery) AND; **2.** That Defendants allow HEETER to "rent from a relative" in accordance with 24 CFR § 982.306 (d), or other laws consistent with the Fair Housing Act, to overcome difficulties finding a suitable residence (See Exhibit "A" Requesting Accommodation to "rent from a relative").

13. Defendants denied Plaintiff's request for a reasonable accommodation, and apparently acted to then actively prevent HEETER from enjoying the benefits of his Section 8 Voucher, which caused Plaintiff undue hardship and prevented him from using and fully enjoying all the services, privileges and conditions relative to the Section 8 Voucher to which he was entitled (See Exhibit "B" - Letter documenting how request to rent from relative resulted in fraud allegation by JHA).

14. On or about October 5, 2023, at an administrative hearing at JHA offices, Defendants not only refused to consider HEETER's previous requests for Reasonable Accommodation for: a. electronic communications and b. to "rent from a relative", but JHA took the additional step, of appointing or hiring a hearing officer, whom was paid

---

[2] The medical documents and information reference in paragraph 12 have already been provided to Defendants and are therefore, in the possession of Defendants.

by JHA, and whom Plaintiff does not believe was fair, objective and impartial, to <u>terminate</u> HEETER's Section 8 Voucher assistance completely, rather than continuing the Section 8 Voucher so as to allow procuring an alternative rental unit. (See Exhibit "C" - Written opinion where hearing office found no fraud but refused to consider accommodation requests as part of determination). Further, Plaintiff filed a Notice of Hearing Exception to point out the substantial Due Process errors at the JHA administrative hearing (See Exhibit "D" - Notice of Hearing Exceptions).

15. Terminating Plaintiff's voucher caused Plaintiff undue hardship and prevented him from using and fully enjoying all the services, privileges and conditions relative to the Section 8 Voucher to which he was entitled, and then forced him to pay "market rent" for a suitable unit

16. Notwithstanding that Plaintiff had made multiple requests for a reasonable accommodation to Defendants, in writing, Defendants still refused to and failed to grant Plaintiff a reasonable accommodation, but instead continue to communicate with Plaintiff via mechanisms (for instance sending notices or communications by letter or in enclosed envelopes and posting) in which Plaintiff was unable to easily access or access at all, and/or in a manner in which Plaintiff was not communicated to effectively at all. This caused Plaintiff undue and unnecessary hardships and prevented Plaintiff from using and fully enjoying all the services, privileges and conditions related to the premises he was entitled.

17. Although Plaintiff HEETER made multiple requests (verbal and in writing) for reasonable accommodation and Defendants claimed they granted the accommodation,

which is evidence that Defendant's knew Plaintiff was qualified for the accommodation requested, Defendants continued to act or engage in conduct which was totally contrary and in opposite to the reasonable accommodation requested. In other words, the Defendants in fact did not abide by, adhere to or actually grant the reasonable accommodation insofar as Defendants continued to communicate with Plaintiff by not using or employing electronic or any other accommodating means. In fact, as late as September of 2023, Defendants continued to and were still posting notices and communicating with Plaintiff via mail or by paper, and even taking the step of seemingly blocking email communication or electronic access to or from COJ and JHA websites, which continued into 2024.

18. Defendant(s) are responsible for the conduct and actions of their employees, managers and representatives and were required to and had a legal duty and obligation to engage in non-discriminatory conduct vis-à-vis Plaintiff and failed and refused to do. Instead, Defendant acted in a manner so as to discriminate against Plaintiff due to his disability and deprive him of his rights under applicable law. As a result of the discriminatory conduct of the Defendant(s), PLAINTIFF has sustained damages and continues to sustain damages.

### COUNT I- FCRA 760.01 VIOLATIONS AGAINST- City of Jacksonville d/b/a Jacksonville Housing Authority ("Direct Disability Discrimination")

19. HEETER repeats, re-alleges and incorporates paragraphs 1-18 set forth above.

20. HEETER has exhausted his administrative remedies as described in paragraphs 11 thru 15 above and therefore all conditions precedent to filing suit under the FCRA,

have been met.

21. The FCRA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public entity or provide housing to the public under the FCRA. The FCRA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

22. HEETER is a member of a protected class in that he is handicapped, disabled, or suffers from a disability as defined in or by the FCRA; to this end, HEETER has a severe and significant motor and/or neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FCRA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no additional burden on Defendant.

23. Defendant was a provider of public or residential housing and was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the Section 8 Voucher and/or property in which he sought residence within the meaning of the

FCRA.

24. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages, attorney's fees, and costs pursuant to the FCRA, a trial by jury and any other relief this court deems just and proper.

### COUNT II- FHA VIOLATIONS AGAINST- City of Jacksonville d/b/a Jacksonville Housing Authority
### ("Direct Disability Discrimination")

33. HEETER repeats, re-alleges and incorporates paragraphs 1-18 set forth above.

34. HEETER has exhausted his administrative remedies as described in paragraphs 11 thru 15 above, above and therefore all conditions precedent to filing suit under the FHA, have been met.

35. The FHA prohibits discrimination on the basis of disability in all programs, services, privileges, benefits and activities provided by or made available by public entities, including the provision of housing and related services. Defendant is a public housing entity or provides housing assistance to the public under the FHA. The FHA requires "reasonable accommodation" be made when requested by a qualified person with a disability.

36. HEETER is a member of a protected class in that he is handicapped, disabled, or suffers from a disability as defined in or by the FHA; to this end, HEETER has a severe

and significant motor and neuro psychological impairment which substantially limits or impairs a major and fundamental life activity and renders him unable to do many major life activities. Additionally, HEETER has a record of being impaired or handicapped or is regarded as being impaired or handicapped and said impairment substantially limits one or more major life activities. Defendant violated the FHA in that Defendant discriminated against Plaintiff by (1) denying him or delaying him a reasonable accommodation due to his disability, handicap or impairment and/or (2) by refusing to and/or failing to offer Plaintiff any type of reasonable accommodation, even though the reasonable accommodation(s) sought by Plaintiff would have placed no burden whatsoever on Defendant.

37. Defendant was a provider of public or residential housing assistance and as such was required by law to provide Plaintiff with a reasonable accommodation and provide Plaintiff the ability to enjoy the full terms, conditions, privileges, or services and facilities of the residence within the meaning of the FHA. In fact, the FHA requires owners of housing facilities to make reasonable exceptions in their policies and operations to afford people with disabilities equal housing opportunities.

38. As a direct and proximate result of the aforementioned violations, HEETER has suffered loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life and home, emotional pain and suffering, and severe emotional distress and anguish.

WHEREFORE, HEETER demands the following relief: compensatory damages, attorney's fees, and costs pursuant to the FHA, a trial by jury and any other relief this

court deems just and proper.

On this <u>16th</u> Day of December 2024.

                                              <u>S/ Frank T. Allen</u>
                                              FRANK T. ALLEN, ESQUIRE
                                              FBN- 0033464
                                              **THE ALLEN FIRM, P.A.**
                                              2582 Maguire Rd., Suite 130
                                              OCOEE, FL 347611
                                              (407) 481-8103
                                              Fallen@TheAllenFirmPA.com (email)
                                              Attorneys for Plaintiff.

                                              <u>See attached signature page</u>.
                                              Thomas Freer-Heeter